UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES MASSANGA NGOMA, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| DAVID T. WESLING, Acting Boston Field | * | Civil Action No. 26-cv-10345-ADB |
| Office Director, U.S. Immigration and | * | |
| Customs Enforcement, TODD LYONS, | * | |
| Acting Director, U.S. Immigration and | * | |
| Customs Enforcement, and KRISTI NOEM, | * | |
| U.S. Secretary of Homeland Security, | * | |
| | * | |
| Respondents. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On February 4, 2026, the Court granted Petitioner's petition for writ of habeas corpus and ordered Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a). [ECF No. 9]. An immigration judge subsequently granted Petitioner release on bond. [ECF No. 11]. Petitioner now moves for an award of $1,823.73 in attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [ECF No. 12]. Respondents oppose an award under the EAJA. [ECF Nos. 10, 13]. Upon review of the history of this case, Petitioner's application for fees, and Respondents' opposition, the Court concludes that the issue of fees is squarely resolved by its analysis in Ndongala v. Wesling, No. 26-cv-10194-ADB, 2026 WL 1534981 (D. Mass. June 1, 2026). For the reasons elaborated there, the Court concludes that this was a civil action within the meaning of the EAJA and that Respondents' position was not substantially justified. See id. at *1–3.

The Court further concludes that Petitioner's requested fees are reasonable.  Based on the declaration submitted with the motion, [ECF No. 12-1], counsel for Petitioner spent 6.8 hours in prosecuting the petition, for which she asks to be compensated at an adjusted hourly rate of $267.46, for a total fee award of $1,823.73, [ECF No. 12 at 12–13], inclusive of a $5.00 filing fee incurred by Petitioner, [ECF No. 12-1 ¶ 6].  Respondents raise the same objections to those fees as were raised in Ndongala, see 2026 WL 1534981, at *4; [ECF No. 13 at 2–5], and for the reasons elaborated there, the Court concludes that the government's objections are not well taken.

Accordingly, under the law as it stands today, Petitioner will seemingly be entitled to an award of $1,823.73 in attorney's fees.  That said, no separate judgment has been entered in this case in accordance with Rule 58(a), and there is therefore no final judgment for purposes of the EAJA, making any award of fees premature.  But cf. Lizardi v. Wilkinson, 986 F.3d 1294, 1295 (9th Cir. 2021) ("[A] party need not wait until the judgment is final to move for attorney's fees.").  In the interests of clarity and fairness, and to permit the government to appeal the Court's decision on the petition, should it wish to do so, the Court directs the clerk to enter judgment in favor of Petitioner in accordance with Rule 58(a).  If the government does not file an appeal within 60 days of the entry of judgment, the Court will grant Petitioner's EAJA motion, assuming no intervening changes in the law.  If the government timely appeals, the Court will hold Petitioner's EAJA motion in abeyance, pending resolution of the appeal and any subsequent proceedings.

**SO ORDERED.**

June 4, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

2